N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN G. LITTLE | : CIVIL ACTION NO. 17-cv-04483 |
| v. | : JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | : |
| and | : |
| POLICE OFFICER JEFFREY WALKER (Badge No. 3730) Individually and as a Police Officer for the City of Philadelphia | : |
| and | : |
| POLICE OFFICER PERRY BETTS Individually and as a Police Officer for the City of Philadelphia | : |
| and | : |
| POLICE OFFICERS JOHN DOES 1- 5 (Badge Nos. Presently Unknown) Individually and as Police Officers for the City of Philadelphia | : |

**FILED**
FEB 27 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## FIRST AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983, seeking redress for the conduct of former Police Officer Jeffrey Walker, Police Officer Perry Betts, and Police Officers John Does 1-5, who used improper and unconstitutional means to secure search warrants by lies, deceit and

1.

misrepresentation, subjecting citizens to illegal searches of their person and property and subjecting citizens to illegal arrest, detention, prosecution and jail sentences. The actions and conduct of the defendant Police Officers were the result of policies, practices, customs and deliberate indifference on the part of the defendant, City of Philadelphia, including the failure to take disciplinary and remedial action against the defendant Officers and other Philadelphia Police Officers, despite documented records of misconduct and abuse of authority.

## II. JURISDICTION

2. This action is brought pursuant to 28 U.S.C. §§1331 and 1343(1), (3), (4), and the aforementioned statutory provision.

## III. PARTIES

3. Plaintiff is Ryan G. Little, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

4. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

5. Defendant, Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

6. Defendant, Police Officer Perry Betts, was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics

Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

6. Upon information and belief, defendant Police Officers John Does 1- 5 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics, and whose identities are presently unknown. Each is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

## IV.   FACTS

7. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

8. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

9. On or about March 11, 2008, defendants Walker and Betts, together with the other John Doe defendant Philadelphia Police Officers, arrested plaintiff charging him with manufacture, delivery and possession with intent to deliver, criminal use of a communication facility, intentional possession of a controlled substance by a person not registered and use and possession of drug paraphernalia.

10. The above mentioned accusations of drug possession with intent to deliver and related drug charges were false, malicious and without probable cause, resulting in plaintiff's false arrest, false and malicious prosecution and illegal incarceration.

11. The above mentioned accusations for crimes plaintiff did not commit were lies and the defendant police officers committed and were guilty of perjury when they lied on the criminal complaint and at trial, falsely accusing plaintiff of crimes he did not commit and of which he was not guilty.

12. On December 22, 2009, plaintiff was found guilty and sentenced to a term of imprisonment of 11-1/2 to 23 months and the imposition of a fine in the amount of $1,477.50.

13. That in addition to the false drug offense accusations and imposing the fine, the defendant police officers stole from plaintiff the sum of $2,000.00, for which money plaintiff was never provided a receipt and which money was never accounted for or returned to plaintiff. (CP-51-CR-0014851-2009).

14. That in addition to the 11-1/2 to 23 months sentence of incarceration, a 2 year period of probation followed and an alleged probation violation resulted in a detainer being placed on plaintiff, resulting in an additional period of incarceration, resulting in a total period of incarceration of approximately 2-1/2 years.

15. On September 24, 2014, a PCRA petition was filed by the Philadelphia Defender's Office, which on April 8, 2016 was granted, whereupon the case was nolle prossed by the Philadelphia District Attorney and granted by the Hon. Sheila Woods-Skipper of the Philadelphia Court of Common Pleas.

16. Thus, on September 24, 2014, the conviction and sentence under CP-51-CR-0014851-2009 was vacated.

17. Plaintiff's arrest, conviction and other evidenced in this case was derived from false and misleading information provided by the Philadelphia police officers.

18. The unlawful arrest, detention and malicious prosecution in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as plaintiff to arrest, prosecution and incarceration in the absence of probable cause.

19. The defendant officers acted wilfully, deliberately, maliciously and with reckless disregard of plaintiff's constitutional and statutory rights.

20. As a direct and proximate result of the actions of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial loss.

21. As a direct and proximate result of the actions of all defendants, plaintiff suffered loss of liberty by being incarcerated for a total of 2-1/2 years.

22. All defendants engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting plaintiff to unlawful arrest, malicious prosecution and prolonged incarceration.

23. The actions and conduct of the defendant officers were caused by a policy, practice and custom of defendant, City of Philadelphia, of failing, with deliberate indifference, to supervise, monitor and properly train narcotics officers with respect to (a) their duty to provide only truthful

information in securing search and arrest warrants; (b) their duty to ensure that relationships and dealings with confidential informants and/or sources are in accord with Police Department policy and constitutional commends; (c) their duty to disclose exculpatory evidence in criminal cases; (d) their duty not to undertake arrests in the absence of lawful grounds; (e) their duty to provide accurate and truthful information to the prosecutor's office; (f) their duty to report and disclose misconduct and illegal actions of other police officers; (g) the proper execution of search warrants, and in particular, prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence; and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

24. Defendant, City of Philadelphia, has failed to properly discipline the defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests and prosecutions, thereby causing the violations in this case.

25. The above described actions of all of the defendants caused the violations of plaintiff's rights under the Fourth and Fourteenth Amendments as alleged in this Complaint.

### COUNT I

### Federal Civil Rights Violations

26. The allegations set forth in paragraphs 1 through 25 inclusive are incorporated herein as if fully set forth.

27. As a direct and proximate result of defendants' above described unlawful and malicious conduct, committed under the color of State law, and while acting in that capacity, the defendants

6.

deprived plaintiff of equal protection of the laws and plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff was denied the right to be free from false arrest, false imprisonment, malicious prosecution, to be secure in one's person and property, to access to the courts, and to due process and equal protection of the law, all to plaintiff's great detriment and loss. As a result, plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

28. As a direct and proximate result of the acts and omissions of defendants, plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to plaintiff's detriment and loss.

29. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

    a.    unjustified, unreasonable and illegal use of process by police officers;

    b.    abuse of police powers, including false arrest, malicious prosecution, harassment and improper searches;

    c.    misrepresenting facts in order to establish probable cause where none would otherwise exist;

    d.    arresting and incarcerating citizens without probable cause solely for the purpose of committing citizens to prison with no intention of seeking criminal prosecution;

    e.    psychologically or emotionally unfit persons serving as police officers; and

    f.    failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

30. Defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a.    unlawful detentions and unlawful arrests by police officers;

    b.    the proper exercise of police powers, including, but not limited, to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention;

    c.    the monitoring of officers who it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    d.    the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e.    police officers' use of their status as police officers to employ the use of unlawful search and/or arrest, or to achieve ends not reasonably related to their police duties;

    f.    police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

    g.    the failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case;

    h.    the refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

    i.    The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

    j.    the refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

31. Defendant, City of Philadelphia, failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including, but not limited, to:

    a. the duty to provide only truthful information in securing search and arrest warrants;

    b. the duty to ensure that relationships and dealings with confidential information are in accord with Police Department policy and constitutional commands;

    c. the duty to disclose exculpatory evidence in criminal cases;

    d. their duty not to undertake arrests in the absence of lawful grounds;

    e. the duty to provide accurate and truthful information to the prosecutor's office;

    f. the duty to report and disclose misconduct and illegal actions of other police officers;

    g. the improper execution of search warrants, and in particular, prohibitions on searches that go beyond those authorized by the warrant and/or involve the destruction of theft of property or evidence; and

    h. the fabrication of evidence against an accused to justify their illegal actions and conduct.

32. Defendant, City of Philadelphia, failed to properly sanction or discipline officers who were aware of and concealed and/or aided and abetted violations of constitutional rights of individuals by other Philadelphia police officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as plaintiff.

33. Defendant, City of Philadelphia, is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police

Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

    a.    there are excessive and chronic delays in resolving disciplinary complaints;

    b.    there is a lack of consistent, rational and meaningful disciplinary and remedial actions;

    c.    there is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

    d.    the PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

    e.    the PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

    f.    the conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

    g.    a global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

    h.    there are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

    i.    The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

    j.    despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;

    k.    despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

  l. despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;

  m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

  n. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

 34. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

  a. use of information in obtaining probable cause;

  b. exercise of police powers;

  c. police officers with emotional or psychological problems;

  d. police officers' use of their status as police officers to have persons falsely arrested, maliciously prosecuted and unlawfully searched or to achieve ends not reasonably related to their police duties; and

  e. false arrest, malicious prosecution and evidence planting of citizens.

 35. Defendant, City of Philadelphia, failed to properly sanction or discipline officers who were aware of and concealed and/or aided and abetted violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including defendant Betts in this case, to violate the rights of citizens such as plaintiff.

 36. Defendant, City of Philadelphia, failed to properly sanction or discipline officers and acquiesced to the defendant officers' unlawful conduct after becoming aware that these particular

officers engaged in the aforementioned conduct in cases dating back to 2002, while concealing and/or aiding and abetting in the violations of constitutional rights of citizens by these police officers, thereby causing and encouraging police officers, including defendant officers in this case, to violate the rights of citizens such as plaintiff.

37. Defendant, City of Philadelphia, was aware and was deliberately indifferent to the unconstitutional acts and omissions of the defendant officers when:

    a.    beginning in 2001, several legal complaints alleging civil and constitutional rights of false arrests, malicious prosecutions, falsifying documents and testimony alleging the violations of the constitutional rights of citizens by the defendant officers were filed;

    b.    in 2005, former Philadelphia Police commissioner Sylvester Johnson testified at trial in the case of *Arnold Randall v. City of Philadelphia et al*, C.A. No. 04-1081 regarding the customs, policies and procedures with respect to the narcotics units generally and specifically with regard to allegations that the defendant officers engaged in false arrests, malicious prosecutions and fabrication of evidence;

    c.    in 2005, IAD was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the defendant officers, as well as other members of the narcotics unit;

    d.    in 2005 and later, the Philadelphia City Solicitor's Office was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecutions and fabrication claims against the defendant officers as well as other members of the narcotics unit;

    e.    the City of Philadelphia was also aware that the federal authorities were investigating these same defendant officers for several years for the violations of citizens' civil and constitutional rights during this period of time;

    f.    in 2007, the City of Philadelphia was aware of the constitutional violations by these same officers and other officers in the narcotics units when the Third Circuit Court of Appeals denied the defendant officers' claim of qualified immunity due to their unlawful and unconstitutional actions in the case averring the same claims as this case - false arrest, malicious prosecution and falsification of documents. See: *Andre Blaylock v. City of Philadelphia et al*, 504 F.3d 405 (3d Cir. 2007); and

    g.    in December 2012, the Philadelphia District attorney's Office informed Philadelphia Police Commissioner Ramsey that the defendant officer would no longer be permitted to be witnesses in narcotic cases.

38. Defendant, City of Philadelphia, continued to permit, acquiesce, encourage, tolerate, ratify and has been deliberately indifferent to the unconstitutional acts and omissions by the defendant officers despite the aforementioned allegations, investigations and court holdings for years.

39. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including defendants Walker and Betts in this case, to believe that they can violate the rights of citizens with impunity, including the use of fraud and falsehood, and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

40. The actions of all defendants, acting under color of State law and/or in concert or conspiracy with each other, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from unlawful searches, from false arrest, malicious prosecution and to due process of law.

41. Defendants, City of Philadelphia, Police Officers Jeffrey Walker and Perry Betts, and Police Officers John Does, acting in concert and conspiracy with each other, have, by the aforementioned actions, deprived plaintiff of his constitutional and statutory rights.

42. By these actions, all defendants have deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## COUNT II

## 42 U.S.C. §1983 against Defendant Officers

### *Unlawful Arrest*

43. Paragraphs 1 through 42 are incorporated by reference as though fully set forth herein at length.

44. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers acted with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and such actions were the actual and proximate cause of plaintiff's confinement.

45. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT III

## Supplemental State Law Claim Against Defendant Officers

### *False Imprisonment*

46. Paragraphs 1 through 45 are incorporated by reference as though fully set forth herein at length.

47. Plaintiff was damaged and injured as set forth above by defendant Officers in that they acted with the intent to confine plaintiff unlawfully and against plaintiff's will, confining him on

15.

false criminal charges for a period of 2-1/2 years, during which period of time he feared for his life and safety, was deprived of needed medical care and attention, subjected to indignities, deprived of family and friends, and was imprisoned on false charges trumped up by the police, and such actions were the actual and proximate cause of plaintiff's confinement.

48. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV

### 42 U.S.C. §1983 against Defendant Officers

#### *Malicious Prosecution*

49. Paragraphs 1 through 48 are incorporated by reference as though fully set forth herein at length.

50. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice. These proceedings terminated in favor of plaintiff. Defendants' conduct was the direct and proximate cause of plaintiff's harm.

51. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT V

### Supplemental State Law Claim Against Defendant Officers

#### *Malicious Prosecution*

52. Paragraphs 1 through 51 are incorporated by reference as though fully set forth herein at length.

53. Plaintiff was damaged and injured as set forth above by defendant Officers in that they instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

54. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VI

### 42 U.S.C. §1983 against Defendant Officers

#### *Conspiracy*

55. Paragraphs 1 through 54 are incorporated by reference as though fully set forth herein at length.

17.

56. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

57. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VII

### Supplemental State Law Claim Against Defendant Officers

#### *Conspiracy*

58. Paragraphs 1 through 59 are incorporated by reference as though fully set forth herein at length.

60. Defendant Officers Walker, Betts and other defendant Police Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

18.

    c.      a declaratory judgment that the practices and policies complained of are unconstitutional;

    d.      reasonable attorney's fees and costs; and

    e.      such other and further relief as appears reasonable and just.

s/Margaret Boyce Furey
MARGARET BOYCE FUREY, ESQUIRE
Four Tower Bridge, Suite 400
200 Barr Harbor Drive
W. Conshohocken, Pa. 19428
610-397-0125
mboycep@aol.com
Attorney for plaintiff